UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHERON WALTERS,

                Plaintiff,

      -against-

CITY OF NEW YORK,

                Defendant.

23-CV-7782 (LTS)

ORDER DIRECTING PAYMENT OF FEE
OR IFP APPLICATION AND AN
ORIGINAL SIGNATURE

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained at the George R. Vierno Center on Rikers Island, brings this action *pro se*. As set forth in this order, the Court directs Plaintiff to either pay the $402.00 in filing fees, or submit the attached prisoner authorization. The Court also directs Plaintiff to submit the attached signature page.

## DISCUSSION

Plaintiff brings this new civil action, asserting claims that he had asserted in a prior action filed in this court. *See Walters v. City of New York*, ECF 1:21-CV-2880, 2 (S.D.N.Y. Sept. 2, 2022) ("*Walters I*"). He states in this new action that he "is refiling all claims made in the matter of *Walters v. City of New York*, 21-CV-2880 (GHW) [citation omitted] (S.D.N.Y. April 26, 2021)." In *Walters I*, the Honorable Gregory H. Woods dismissed Plaintiff's complaint without prejudice for failure to prosecute and for failure to comply with numerous court orders. *See id.* (Doc. No. 50.) Following this dismissal, Plaintiff moved for reconsideration, and Judge Woods denied the motion on January 12, 2023, noting that the dismissal order did "not bar [Plaintiff] from refiling any timely claims in compliance with court rules and orders." *See id.* (Doc No. 53, at 3.) Plaintiff now brings this new action, seeking to refile the claims asserted in *Walters I*.

A. **Prisoner Authorization**

To proceed with this new civil action, Plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants Plaintiff's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the Plaintiff's prison account. *See* 28 U.S.C. § 1915(b)(1). Should Plaintiff seek to proceed in this Court without prepayment of fees, he must authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where Plaintiff is incarcerated to deduct the $350.00 filing fee[1] from his account in installments and to send to the Court certified copies of his account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted the complaint without the filing fees or a completed prisoner authorization. Within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit the attached prisoner authorization. If Plaintiff submits the prisoner authorization, it should be labeled with docket number 23-CV-7782 (LTS).[2]

B. **Original Signature**

Plaintiff submitted the complaint without a signature. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed

---

[1] The $52.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

[2] Plaintiff is cautioned that if a prisoner files an action that is dismissed as frivolous or for failing to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions *in forma pauperis* as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fee at the time of filing any new action.

by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Plaintiff is directed to submit the signature page of the complaint with an original signature to the Court within thirty days of the date of this order. A copy of the signature page is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 5, 2023
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge