UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/12/2024
```

| |
|---|
| SHERON WALTERS, |
| Plaintiff, |
| -against- |
| CITY OF NEW YORK., |
| Defendant. |

**23-CV-7782 (AT) (KHP)**

**ORDER GRANTING REQUEST FOR PRO BONO COUNSEL**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE.**

At the January 11, 2024 Case Management Conference, Plaintiff requested that Pro Bono counsel be assigned to represent him for purposes of any settlement conference, should pro bono counsel be available to do so.  On February 12, 2024, the Court scheduled a settlement conference to occur by Microsoft Teams on April 1, 2024 at 10:00 a.m.  For the reasons stated below, Plaintiff's request for pro bono counsel to represent him during settlement negotiations and at the upcoming settlement conference is GRANTED.

**LEGAL STANDARD**

The *in forma pauperis* statute provides that the court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation.  *Id.*  Under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).  As courts do not

have funds to pay counsel in civil matters, they must grant applications for *pro bono* counsel

sparingly, and with reference to public benefit, in order to preserve the "precious commodity"

of volunteer-lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

Before granting a request for appointment of pro bono counsel, the Court must be

satisfied that the litigant is indigent and that the litigant's claim "seems likely to be of

substance." *Hodge*, 802 F.2d at 60–61. If these threshold requirements are met, the court

must next consider factors such as the indigent's ability to present the case, the complexity of

the legal issues[,] and any special reason case why appointment of counsel would be more

likely to lead to a just determination. *Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts

should consider, including litigant's efforts to obtain counsel).

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted,

and Plaintiff thus qualifies as indigent. (*See* ECF No. 2.) In the complaint, Plaintiff asserts a

claim under 42 U.S.C. Section 1983, which the Court finds is "of substance" for purposes of

assigning pro bono counsel. It is also apparent from the Court's discussion with the parties at

the Initial Case Management Conference that counsel would likely be of assistance to Plaintiff

in reaching a reasonable settlement of this action. It is anticipated that counsel will be able to

assist Plaintiff in understanding his rights, valuing his claim, and communicating his factual and

legal positions to the Court and opposing counsel. The appointment of pro bono counsel for

the limited purpose of assisting Plaintiff at a settlement conference may lead to a just and

efficient determination of this case.

Pro bono counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this order.  For example, pro bono counsel will not be required to respond to any dispositive motion or participate in discovery.  Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Plaintiff will end upon completion of settlement negotiations.  Plaintiff has not requested that counsel be assigned for a more expansive purpose, and the Court does not at this time find that an expanded scope of representation would be appropriate.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is respectfully directed to attempt to locate pro bono counsel to represent Plaintiff for the limited purposes of assisting Plaintiff with settlement negotiations and representing Plaintiff at the upcoming settlement conference scheduled for April 1, 2024.

**The Clerk of Court is requested to mail a copy of this order to Plaintiff.**

**SO ORDERED**.

Dated: February 12, 2024
      New York, New York

_Katharine H. Parker_
KATHARINE H. PARKER
United States Magistrate Judge