UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Sheron Walters,

Plaintiff,

-against-

The City of New York,

Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   5/26/2026____
```

23 Civ. 7782 (AT) (KHP)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Sheron Walters, brings this action against Defendant, the City of New York (the "City"), under 42 U.S.C. § 1983, alleging violations of various constitutional rights in connection with his contraction of COVID-19 while incarcerated at the Eric M. Taylor Center on Rikers Island. *See generally* Compl., ECF No. 9. The City moves for summary judgment. *See* ECF No. 34. The Court referred the motion to the Honorable Katharine H. Parker, ECF No. 40, and after careful consideration, Judge Parker issued a report and recommendation (the "R&R"), recommending that the City's motion be granted and Plaintiff's claims be dismissed. R&R at 18, ECF No. 46; *see also* Objs., ECF No. 50; Resp., ECF No. 53. The Court overrules Plaintiff's objections, adopts the R&R in its entirety, and grants the City's motion.

<strong>DISCUSSION</strong>[1]

I.     Legal Standard

A. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2

---

[1] The Court presumes familiarity with the facts and procedural history of this action as detailed in the R&R. *See* R&R at 2–6.

(S.D.N.Y. Aug. 19, 2014) (citation omitted).  An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed."  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

The district court reviews *de novo* properly raised objections to an R&R.  *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025).  Proper objections are timely and specific.  *Id.* at 359.  "In order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."  *Id.* at 359 (quoting *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017)).  Additionally, an objection "generally may not raise new arguments not previously made before the magistrate judge."  *Id.*

A *pro se* party is "generally accorded leniency," and their submissions are "construed to 'raise the strongest arguments they suggest.'"  *Lanier v. Capra*, No. 21 Civ. 9307, 2023 WL 6795441, at *3 (S.D.N.Y. Oct. 13, 2023) (quoting *Milano v. Astrue*, No. 05 Civ. 6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)).  "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate [judge's] proposal."  *Pinkney v. Progressive Home Health Serv.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted).

B.  Summary Judgment

Summary judgment is appropriate when the record shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–26 (1986).  The "mere existence of *some* alleged factual dispute between the

2

parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247 (emphasis in original). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict" for the nonmovant. *Id.* at 248.

The movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact by citing specific evidence in the record. Fed. R. Civ. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323; *Koch v. Town of Brattleboro*, 287 F.3d 162, 165 (2d Cir. 2002). But, if the nonmovant bears the burden of proof at trial, the movant may satisfy its initial burden by demonstrating that the nonmovant cannot produce admissible evidence to support the existence of a triable issue of material fact. *See Celotex*, 477 U.S. at 322–23; *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam). If the movant meets its initial burden, the burden shifts to the nonmovant to establish a genuine dispute of material fact. *See Beard v. Banks*, 548 U.S. 521, 529 (2006); *PepsiCo*, 315 F.3d at 105. "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (citation omitted). In deciding a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmovant and draws all factual inferences in the nonmovant's favor. *See Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 129 (2d Cir. 1997).

II.    Plaintiff's Objections

First, Plaintiff argues that the R&R's focus on COVID-19 "protocols" of the City Department of Correction ("DOC") and Correctional Health Services ("CHS") was improper because those protocols are unrelated to his claims. *See* Objs. ¶¶ A, G. Reviewing *de novo*, the Court overrules this objection. A pretrial detainee alleging unconstitutional conditions of

confinement under the Eighth and Fourteenth Amendments must establish both that the conditions of confinement objectively "pose[d] an unreasonable risk of serious damage to [Plaintiff's] health" and that officers subjectively "acted with at least deliberate indifference" to Plaintiff's health and safety. *Darnell v. Pineiro*, 849 F.3d 17, 29–30 (2d Cir. 2017). CHS and DOC COVID-19 safety protocols demonstrate the steps taken by City to mitigate the danger of COVID-19, which bears on both of these prongs. The R&R, therefore, did not err in considering the scope and nature of CHS and DOC's COVID-19 safety protocols. *See* R&R at 11–12.

Second, Plaintiff emphasizes two incidents, which he claims precludes summary judgment for the City: first, that "DOC officers brought news detainees into a COVID-19 negative quarantine housing area while everyone was sleeping during the night 'in response to' protests that additional inmates should not be sent [there]," Objs. ¶ G, and second, that "[he] was confined in a housing unit for individuals with the virus when he did not have it," Objs. ¶¶ C, H; *see* Pl. Opp. at 2–3, ECF No. 41. Reviewing *de novo*, the Court overrules Plaintiff's objections as to these points. Plaintiff has presented no evidence, other than his own belief, that new detainees were brought into COVID-19 negative housing. *See* Resp. at 6; Pl. Opp. at 3 (not mentioning this fact or citing any evidence in support of it in his opposition to the City's motion for summary judgment). Nor has Plaintiff submitted evidence that he was placed in a housing unit for people with COVID-19. *See* R&R at 14–15; Pl. Opp. at 3 (citing only his belief that this occurred in a letter to his attorney). Therefore, Plaintiff has not presented a genuine dispute of material fact based on either the introduction of COVID-19 positive individuals in quarantine housing or his alleged confinement in COVID-19 positive housing. *See Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996) ("[C]onclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment.").

Moreover, even if there were evidence of these incidents, Plaintiff's claims still fail.  He has not introduced evidence of the relevant correction officer's state of mind, as required to show deliberate indifference, *see Darnell*, 849 F.3d at 29, nor has he presented evidence that these incidents occurred pursuant to a City "policy or custom," as required for claims, like his, brought against a municipal defendant, *see Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978)).

Next, Plaintiff contends that the R&R overlooked a report from a federal monitor regarding conditions on Riker's Island.  *See* Objs. ¶¶ E, F.  Reviewing *de novo*, the Court finds no error in the R&R's treatment of this evidence.  *See* R&R at 13–14.  As Judge Parker explained, "Plaintiff cannot meet his burden to show an issue of material fact [in his case] by gesturing generally at how bad Rikers Island facilities may have been," because Plaintiff has not shown how *his* injuries were impacted by any "staffing shortage or 'pervasive level of disorder and chaos.'"  *Id.* at 14.

Finally, Plaintiff states that a "medical staff member" told him that "it wouldn't be wise to get the vaccination until a period of 45–90 days [after contracting COVID-19] had passed" and that he was "skeptical about taking the vaccine."  Objs. ¶ I.  It is unclear what portion of the R&R this objection addresses.  The R&R merely states that CHS began offering the COVID-19 vaccine to high-risk incarcerated individuals in January 2021 and to all other incarcerated individuals in March 2021.  *See id.* at 4 (citing Def. 56.1, ECF No. 36 ¶¶ 8–9; Pl. Dep., ECF No. 39-3, at 98:2–25)).  Accepting the facts in Plaintiff's objection as true does not alter the Court's conclusion that Plaintiff has neither introduced evidence of the City's deliberate indifference to conditions of confinement nor stated a claim for municipal liability.  *See also* R&R at 16–18.  Therefore, the Court overrules the objection.

To the extent Plaintiff has raised other objections not discussed herein, the Court finds them to be nonspecific.  The Court reviews the remaining portions of the R&R for clear error, *see Nambiar*, 158 F.4th 349, and finds none.

### CONCLUSION

Accordingly, the Court ADOPTS Judge Parker's R&R in its entirety and GRANTS Defendant's motion for summary judgment.  The Clerk of Court is respectfully directed to enter judgment in favor of Defendant consistent with this order and mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: May 26, 2026
      New York, New York

_____
ANALISA TORRES
United States District Judge